UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

LAMAR WALTON,

        Petitioner,

        v.                         Case No. 12-C-1187

UNITED STATES OF AMERICA,

        Respondent.

---

ORDER SCREENING MOTION, DISMISSING CERTAIN CLAIMS,
REQUIRING RESPONSE, AND DENYING VARIOUS MOTIONS

Lamar Walton filed a motion under 28 U.S.C. § 2255, asserting that his conviction and sentence in this court were imposed in violation of the Constitution. Walton was convicted (in Eastern District of Wisconsin case number 09-CR-254) of conspiracy to possess with intent to distribute and conspiracy to distribute cocaine, cocaine base, and marijuana. He was sentenced to 156 months of imprisonment.

The court must give the motion prompt initial examination under Rule 4 of the Rules Governing § 2255 Proceedings, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings. Section 2255 motions require an assertion that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Case number 09-CR-254 was not the first case brought against Walton in this district. He was indicted in case number 08-CR-293, negotiated a plea agreement, was adjudicated guilty at a change-of-plea hearing, and was awaiting sentencing in that case when the indictment in case number 09-CR-254 issued. Sentencing in 08-CR-293 was put off until the second case was resolved through a plea agreement. At sentencing the United States asked this court to approve dismissal of the indictment in 08-CR-293 and such permission was granted. Thereafter, case number 08-CR-293 was dismissed.[1] According to Walton, the sentencing guideline range in case 08-CR-293 was 188 to 235 months, whereas the range in case 09-CR-254 was 262 to 327 months.

Walton says that as part of the plea deal in case 08-CR-293, Assistant United States Attorney Brian Resler promised Walton that he would not be indicted in a second case if he kept cooperating. Walton says Resler told his first attorney in the '08 case, Brian Mullins, that another indictment would not be issued, and reiterated the statement to Bridget Boyle, the second attorney in case 08-CR-293. Attachments to Walton's motion suggest that at the plea hearing in the '08 case, before Walton entered his guilty plea, Resler "spun around in his chair and rolled up to [Walton] and told [Walton] to [his] face: 'You will not get indicted again, just keep on cooperating.'" (Mot. App. Q at 2.) However, Resler later secured the second indictment against Walton and seventeen co-defendants using information Walton provided. Walton contends that had he known the government would not keep its promise in the '08 case he would have proceeded to trial in that case without cooperating with the government. (Mem. of Law at 28-29.)

---

[1] Initially, the government filed a notice of dismissal as to count three of the indictment (which did not exist) rather than the entire indictment. However, that error was corrected in docket entry 91 in case number 08-CR-293.

In his motion and supporting brief Walton labels six grounds for relief. However, all grounds contain multiple constitutional issues and repeated allegations. As described by Walton, with subparts identified by the court, the motion asserts: (1) (a) the government violated Walton's Fifth and Sixth Amendment rights in case 08-CR-293 by breaching the plea agreement, causing Walton's guilty plea in that case to be involuntary, and (b) counsel was ineffective in case 08-CR-293; (2) (a) the government violated Walton's Fifth and Sixth Amendment rights in case 09-CR-254 by misleading Walton in case 08-CR-293 and breaching the agreement in the earlier case to obtain cooperation from Walton and using that information to indict Walton in the later case, thereby causing Walton's plea to be involuntary and coerced, (b) the government breached the plea agreement in case 09-CR-254 by not recommending at sentencing the reduction it had agreed to in case 08-CR-293 and a lower sentencing range, (c) defense counsel was ineffective in case 09-CR-254 for remaining silent and allowing the government to renege on its promises, and (d) the court lost jurisdiction over the later case because the plea bargain in the earlier case was violated; (3) (a) the government violated Walton's Fifth and Sixth Amendment rights in case 08-CR-293 by agreeing that there would be no new indictment but then obtaining a second indictment, and (b) the government's agreement not to obtain a second indictment and the dismissal of the earlier action deprived the court of jurisdiction in the later case; (4) defense counsel rendered ineffective assistance of counsel in both cases by negotiating the plea agreements, advising Walton to continue cooperating with the government, advising Walton (incorrectly) that no new charges or indictment would be issued, coercing and incorrectly advising Walton to plead guilty to the indictment in the later case (which had a higher guidelines range), failing to apprise the court of Walton's objections, remaining silent

3

regarding the government's breach of the plea agreements, and permitting the government to dismiss the indictment in the '08 case rather than holding the government to its deal in that case; (5) (a) improperly joining with the government to deprive Walton of his constitutional rights in both cases, overpowering Walton's will and coerce him into pleading guilty in the '09 case, and (b) providing ineffective assistance with respect to these matters; and (6) failing to advise Walton that the plea agreement in the later case (unlike that in the prior case) waived his appeal rights, and misleading Walton that the plea agreements were the same on this point with knowledge that Walton was legally blind and could not read that provision in the plea agreement.

Walton's § 2255 motion attacks the 08-CR-293 case as well as the 09-CR-254 case. However, because the 08-CR-293 case was dismissed and no judgment of conviction was entered; there are no proceedings or decision in that matter for him to attack. In other words, § 2255 motions are directed to convictions and sentences and Walton suffered neither in case 08-CR-293. Thus, any and all claims in this action regarding case number 08-CR-293 (all of ground (1), ground (3)(a) and parts of grounds (4) and (5) as numbered above) are meritless and must be dismissed.

As for the claims concerning case 09-CR-254, an answer is required. Ineffective assistance of counsel is a constitutional basis for relief under *Strickland v. Washington*, 466 U.S. 668 (1984), and Walton's ineffective assistance of counsel claims fall outside any waiver of appellate or § 2255 rights. Breach of a plea agreement appears to implicate a federal, constitutional issue, based on a defendant's right to due process and the requirement that the defendant's trial waiver be voluntary. *Santobello v. New York*, 404 U.S. 257 (1971).

4

Walton's claim that his guilty plea was not entered knowingly, intelligently, and voluntarily implicates the Fifth and Sixth Amendments. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002). Thus, the government must file a response as to Walton's challenge respecting his conviction and sentence in case 09-CR-254. The court notes that ground (6) of Walton's claims may require the production of transcripts from the change of plea hearing and sentencing, as those transcripts are not in the case file. The government may notify the court if a delay in production of those transcripts generates a need for additional time to respond.

When Walton filed his § 2255 motion he included four other motions, all of which appear identical or similar to post-sentencing motions that this court denied in October 2012, in part because there were no pending proceedings at that time. In the order denying the motions the court notified Walton of Rule 6 of the Rules Governing § 2255 Proceedings, which requires good cause for permission to take discovery in a § 2255 case. The court added that Walton had not established that he attempted to obtain the desired documents from defense counsel. *United States v. Walton*, no. 09-CR-254, slip op. at 2 (E.D. Wis. Oct. 11, 2012). Walton has not indicated whether he subsequently contacted defense counsel regarding the documents.

In his Motion for Discovery and All Material Evidence Pursuant to Rule 6 of 28 U.S.C. § 2255 (Doc. 3), Walton asks for the release of "a full detail complete truthful discovery in case number 08-cr-293 and 09-cr-254." (Doc. 3 at 1.) However, for the reasons set forth above, discovery regarding case 08-CR-293 is unwarranted. Additionally, Walton has not persuaded the court that he needs all discovery material pertaining to that case which involved eighteen defendants. Walton indicates that he would like the

discovery materials to include, among other things, all communications between defense counsel and government counsel, all motions or pleadings filed on his behalf, evidence of a conversation that occurred in chambers, a list of all cooperation he provided to the government, a copy of all letters he wrote to defense counsel, and the amounts he paid in attorneys fees.

These requests will be denied at this time; they are too broad and Walton has failed to indicate how the documents are pertinent to this § 2255 case. He will not be allowed a fishing expedition through all discovery material. Moreover, many of the documents were presumably provided to him previously or may be available by asking his defense attorney (as noted in the court's October 2012 order). Walton should have copies of his own correspondence to defense counsel. On the other hand, his failure to retain copies should not be the basis of a broad discovery order. Plus, in view of the attachments to his motions, Walton has copies of a great deal of correspondence with his attorney. And he has not established that he asked counsel for other correspondence without success. Should Walton seek to have the government or defense counsel answer questions about their correspondence he would have to include proposed interrogatories or requests for admission. *See* Rule 6, Rules Governing § 2255 Proceedings.

Walton's "Motion for a More Definite Statement Pursuant to the Bill of Rights and in Aid of Filing a Title 28 U.S.C. § 2255" is in a similar vein. He wants defense counsel and government counsel to provide "a more definite statement" on 110 topics covering a broad swath of facts, law, and opinion. For instance, he seeks a more definite statement as to whether the government or he initiated the October 2008 drug transaction underlying case 08-CR-293 (Doc. 5, ¶ 4), whether there is evidence that he had $3000 on the date of arrest

6

for case 08-CR-293 (*id.* ¶ 7), how many plea agreements or promises the Assistant United States Attorney made to him but refused to keep (*id.* ¶ 32), whether defense counsel used her "influence and superior knowledge and coercion" to force him to plead guilty in 09-CR-254 against his will (*id.* ¶ 37), whether defense counsel was paid by him and the government in case 09-CR-254 (*id.* ¶ 56), whether confidential informants gave false and misleading information regarding drug purchases (*id.* ¶¶ 77, 80), and whether his plea agreement "is null and void based on fraud" (*id.* ¶ 87). The topics include matters that became moot with Walton's plea, *see Tollett v. Henderson*, 411 U.S. 258 (1973), and matters better addressed by the parties in briefs rather than in any statement of facts.

Although Rule 6 permits discovery in a § 2255 case, such discovery is intended to be narrow and focused. The rule requires that the movant include specific requests and interrogatories. However, instead of making narrow requests, Walton has provided a litany of broad topics—again a fishing expedition. Moreover, good cause should exist for each of the requests. Yet here, many of Walton's topics are irrelevant.

In a "motion for polygraph" Walton asks to submit himself for such a test. He argues that a polygraph will show, among other things, that he accepted the government's offer to cooperate in 2008, that defense counsel rendered ineffective assistance of counsel, that the government's promise was not kept, and that he "overwhelmingly" assisted the government. (*See, e.g.*, Mot. for Polygraph ¶ 9.)

The results of polygraph examinations are not reliable as a matter of course. Regardless, a polygraph examination may provide a report regarding facts within Walton's knowledge but is not a vehicle for achieving a legal finding as to whether defense counsel

7

provided ineffective assistance. In short, a polygraph examination would be irrelevant for many of the items Walton references.

Finally, Walton filed a "Motion for Show Cause Pursuant to the First Ten Amendments of the Bill of Rights and Rule 6 of 28 U.S.C. § 2255." The motion reiterates Walton's allegations and arguments in his § 2255 motion and brief. Further, based on a similar filing in Walton's criminal cases and some of the language within the motion, the document appears to have been Walton's attempt to get the government and defense counsel to respond to his arguments *before* he filed the § 2255 motion. The motion will be denied because it adds nothing new to the issues raised in the § 2255 motion. Therefore,

IT IS ORDERED that all claims attacking case number 08-CR-293 are dismissed pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

IT IS ORDERED that within sixty days of this order the United States shall answer the remainder of the motion, complying with Rule 5 of the Rules Governing § 2255 Proceedings. The government may answer each substantive claim once, without repeating its answer for those grounds (or portions thereof) that merely restate prior claims or arguments. The response should not exceed thirty pages.

IT IS ORDERED that Walton may file a reply, not to exceed fifteen pages, within thirty days of receipt of the government's response.

IT IS FURTHER ORDERED that Walton's Motion for Discovery and All Material Evidence Pursuant to Rule 6 of 28 U.S.C. § 2255 (Doc. 3) is denied.

IT IS FURTHER ORDERED that Walton's Motion for a More Definite Statement Pursuant to the Bill of Rights and in Aid of Filing a Title 28 U.S.C. § 2255 (Doc. 5) is denied.

8

IT IS FURTHER ORDERED that Walton's motion for a polygraph examination (Doc. 4) is denied.

IT IS FURTHER ORDERED that Walton's Motion for Show Cause Pursuant to the First Ten Amendments of the Bill of Rights and Rule 6 of 28 U.S.C. § 2255 (Doc. 6) is denied.

IT IS FURTHER ORDERED that Walton shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will delay processing of the filing.

Walton is notified that from now on he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, once the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents.

Walton is advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, Walton must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE
